Edwin J. VANDENBERG, and Hercules Powder Company, Plaintiffs,

v.

E. I. DU PONT DE NEMOURS & COMPANY, Montecatini Societa Generale Per L'Industria Mineraria E. Chimica, Phillips Petroleum Company and Standard Oil Company, Defendants.

Edwin J. VANDENBERG and Hercules Powder Company, Plaintiffs,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. Nos. 2794-64, 2795-64.

United States District Court
District of Columbia.

June 11, 1965.

Paul L. Gomory, Washington, D. C., for defendant Phillips Pet. Co.

Solon B. Kemon, Washington, D. C., for plaintiffs Edwin J. Vandenberg & Hercules Powder Co.

Edward B. Beale, Washington, D. C., for defendant Standard Oil Co. of Indiana.

Frederick Schafer, Washington, D. C., for defendant E. I. DuPont DeNemours & Co.

Oscar Cox, Washington, D. C., for defendant Montecatini Societa Gen., and others.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for the Commissioner of Patents.

JACKSON, District Judge.

The motions to dismiss these two civil actions were consolidated for hearing. The actions arose from a decision by the Board of Patent Interferences on October 6, 1964, ruling that the plaintiffs were not the first inventors of subject matter with respect to which an interference had been declared. The interference (No. 89,634) was declared in September, 1958, and involved patent applications by Baxter (No. 556,548), Hogan (No. 558,538), Natta (No. 514,099), and Zletz (No. 462,480). The Board terminated the proceedings as to the plaintiffs because they could not allege a date of invention prior to the date on which Zletz filed his application.

Plaintiffs then, on November 10, 1964, instituted two civil actions. The first (2794–64) alleged jurisdiction under 35 U.S.C. § 146 and named the owners of the other applications in the interference as defendants. The second (2795–64) action alleged jurisdiction under 5 U.S. C. § 1009, the Administrative Procedure Act, and named the Commissioner of Patents as defendant. The latter Act applies only in instances where there is no "other adequate remedy in any court". (5 U.S. C. § 1009(c)).

The plaintiffs admit that if the Court has jurisdiction under 35 U.S.C. § 146, no remedy lies under the Administrative Procedure Act. Section 146 provides that "any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action." The "civil action" mentioned amounts to a trial *de novo* in the District Court.

In support of their motion to dismiss, the interference defendants in the 2794–64 action have contended that the decision of the Board of Interferences, which

dropped the plaintiffs from the interference proceeding, was not a "decision * * * on the question of priority" within the meaning of Section 146. The Commissioner of Patents, in the 2795-64 action, has contended that the Board's decision *was* such a "decision * * * on the question of priority", and that Section 146 vested plaintiffs with the right to court relief at the time the decision was entered. Based on that, the Commissioner argued that no remedy existed against him under the Administrative Procedure Act.

■ The Court finds that Section 145 does vest a right to judicial relief in a party dropped from an interference proceeding as soon as the judgment adverse to him is entered. This is a "decision * * * on the question of priority" within the statute because the judgment's basic effect is to declare that the parties retained in the interference are *prior* to the party dropped. The judgment so declaring is the last action taken by the Patent Office with respect to the party dropped, and constitutes the sole entry on the record indicating the Patent Office's final position. It is from such a final position that judicial relief is intended to be available.

The private defendants in the 2794-64 action also have contended that the Board's decision was merely a discretionary matter of "administrative housekeeping", and thus inappropriate for judicial review. To this it is sufficient to answer that the Patent Office does not so regard it. The executive office responsible for this "administrative housekeeping" says the decision is a final adjudication of plaintiffs' rights. Even more important than the Patent Office's view of the matter, however, is the position the plaintiffs are actually left in after the Board's judgment has been entered. The Court can see no difference between the position of the plaintiffs now and the position the other losing parties will occupy a few months hence after the judgments are entered which will declare that these parties also are not the first inventor. The effect of the Patent Office action is the same in both instances. The sole practical difference is that the judgment closing out the plaintiffs will have been entered a few months earlier. Surely, a difference in time alone should not deprive the plaintiffs of the same right to court review that is accorded to the other parties. Discrimination on such a basis is hardly logical.

■ Having ruled that jurisdiction is present under Section 146, the Court finds that it has no jurisdiction under the Administrative Procedure Act.

There are other, practical, reasons for declining jurisdiction under the Administrative Procedure Act in cases such as this. The relief requested under the Act is for this Court to order the Commissioner of Patents to reinstate the plaintiffs in the interference proceeding. In order for the Court to do so it would be necessary to conduct a full trial on the question of which of the parties is in fact the first inventor. If that were done the effect would be to transfer the adjudicatory function of the Board of Interferences to the District Court whenever the Board decided to close someone out of an interference proceeding. Congress could hardly have so intended when it enacted the provision for judicial review.

The most sensible approach to this problem is to recognize the *right* of the plaintiff under Section 146 to have a trial in the District Court, but to postpone the *exercise* of that right until a time subsequent to a final award of priority to one of the parties by the Patent Office. In that way, the Court will have before it the view of the administrative experts on all stages of the case and on all material issues of fact and law that might be presented at trial. Also, the Court will be able to dispose of the entire matter in an orderly way, rather than making piecemeal interruptions at the instance of whatever party is at the moment dissatisfied with the Board.

The Court will hold the 2794-64 case in abeyance until such time as a final award of priority to one of the parties has been made, and will order that the 2795-64 case be dismissed.